UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMAR NGELEKA TSHIAMALA,

                        Plaintiff,

         -against-

DR. STEVEN A. COHEN,

                      Defendant.

22-CV-1642 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Oumar Ngeleka Tshiamala, who resides in France, brings this *pro se* action asserting a breach-of-contract claim. By order dated March 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against Dr. Steven A. Cohen, whom Plaintiff alleges "resides in New York City, U.S.A., 515 Eastern Avenue, Allegan, Michigan, 49010." (ECF 1 at 1.) The complaint sets forth the following facts. Plaintiff and Defendant entered into a contract providing that Plaintiff would sell to Defendant 2,000 kilograms of pharmaceutical grade sea cucumber. (*Id*. at 1-2.) On or about September 25, 2020, 500 kilograms of the product, worth $1.6 million, arrived at the Detroit Airport from Douala, Cameroon, but Cohen never paid Plaintiff for that delivery. The remaining 1,500 kilograms of the product, worth $4 million, had been stored at the Douala Airport, but authorities there seized it due to Plaintiff's inability to pay storage and security fees. (*Id.* at 2.) Attached to the complaint are documents in French that appear to be

copies of text messages, a contract, and other sales documents. (*Id.* at 3-11.) Plaintiff seeks

compensatory and punitive damages. (*Id.* at 2.)

## DISCUSSION

### A.   Jurisdiction

The complaint may be understood to assert a state-law breach-of-contract claim brought

under the Court's diversity jurisdiction. To establish diversity jurisdiction, under 28 U.S.C.

§ 1332, a plaintiff must allege that he and the defendant are citizens of different states. *Wis. Dep't*

*of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity of citizenship exists between "citizens of

a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). In addition, the

plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value

of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y.*

*Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation

marks omitted). The Court appears to have diversity jurisdiction of this matter. Plaintiff alleges

that the underlying claim satisfies the jurisdictional amount, and that the parties are diverse.

It is not clear, however, that this Court has personal jurisdiction over Defendant. The

plaintiff bears the burden of establishing personal jurisdiction over the defendant and must make

a *prima facie* showing that such jurisdiction exists. *See Jonas v. Estate of Leven*, 116 F. Supp. 3d

314, 323 (S.D.N.Y. July 27, 2015) (citing *Penguin Grp. (USA) Inc. v. Buddha*, 609 F.3d 30, 34-

35 (2d Cir. 2010)). "Such a showing entails making legally sufficient allegations of jurisdiction,

including an averment of facts that, if credited, would suffice to establish personal jurisdiction

over the defendant." *Id.* at 35. The plaintiff must also "establish the court's personal jurisdiction

with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir.

2004).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). The Court therefore must look to New York State law to evaluate whether it may exercise personal jurisdiction over Defendant.

Pursuant to N.Y.C.P.L.R. § 301, a defendant is subject to personal jurisdiction if he is domiciled in New York State, served with process in New York, or continuously and systematically does business in New York State. *See Jonas*, 116 F. Supp. 3d at 323. In addition, a defendant may be subject to New York State's long-arm statute, N.Y. C.P.L.R. § 302, if he engages in the following acts either in person or through an agent, and such acts relate to an asserted claim: (1) transacts any business within New York State or contracts anywhere to supply goods or services in New York State; (2) commits a tortious act within the New York State; (3) commits a tortious act outside the state but injures a person or property in New York State; or (4) owns, uses, or possesses any real property in New York State. *See* N.Y. C.P.L.R. § 302(a).

Plaintiff does not allege facts sufficient to demonstrate that this Court can exercise personal jurisdiction over Defendant. He does not allege that Defendant is domiciled or is continuously and systematically doing business in New York State, caused injury to Plaintiff within New York State, contracted to supply goods or services in New York State or possesses real property here. Plaintiff alleges that Defendant resides in New York City, but provides only a Michigan address for him, and any allegedly wrongful behavior appears to have occurred outside of New York State, and no injury in New York State is alleged. He therefore fails to demonstrate that Defendant is subject to New York State's long-arm statute.

## B.  Venue

It also not clear that venue for Plaintiff's claims would be proper in this court. Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. Section 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Section 1391(c)(2).

Plaintiff asserts that a substantial part of the events that are the basis for his claim occurred in Detroit, Michigan. He provides no facts suggesting that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, or that Defendant resides in this judicial district.[1]

## C.    Documents not in English

The documents that Plaintiff has attached to his submissions are in French, and the Court is therefore unable to review them. Although this Court's local rules do not prohibit submission of pleadings in a foreign language, "[i]t is clear, to the point of perfect transparency, that federal

---

[1] Although Plaintiff is not obliged to plead the existence of venue in the complaint, *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,* 869 F. Supp. 152, 154 (S.D.N.Y. 1994), Plaintiff "bears the burden of establishing that venue is proper" once the issue of improper venue is raised, *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011) (noting that a court applies the same standard of review in Fed. R. Civ. P. 12(b)(3) motions asserting improper venue as Fed. R. Civ. P. 12(b)(2) dismissals for lack of personal jurisdiction); *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) ("Absent a formal hearing on the motion, a plaintiff need only make a *prima facie* showing of venue."). This Court could, in the interest of justice, transfer this action to another United States District Court if Plaintiff provides facts showing that venue would be proper in that court and that this court is not a proper venue. *See* 28 U.S.C. § 1406(a).

court proceedings must be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002); *see also United States v. Morales-Madera*, 352 F.3d 1, 7 (1st Cir. 2003) ("The language of the federal courts is English. Participants, including judges, jurors, and counsel, are entitled to understand the proceedings in English.").

Should Plaintiff choose to amend his complaint, all attachments must be in English, or if in French, they must be accompanied by an English translation. *See, e.g. Court of Common Pleas v. Kelly*, 417 Fed. App'x 126, 128 (3d Cir. 2011) (holding that where a district court's local rules do not prohibit submission of pleadings in a foreign language, such court should request a translation of foreign language pleadings or grant leave to amend the pleadings before taking final action on the foreign language filing).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that this Court has personal jurisdiction of this matter, and that venue is proper here, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how, when, and where such injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1642 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for lack of personal jurisdiction. .

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   April 4, 2022
            New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial       Last Name

_____

Street Address

_____

County, City                     State              Zip Code

_____

Telephone Number            Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 2: _____

First Name                                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 3: _____

First Name                                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.