UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OUMAR NGELEKA TSHIAMALA,<br><br>                           Plaintiff,<br><br>-against-<br><br>DR. STEVEN A. COHEN,<br><br>                           Defendant. | 22-CV-1642 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this *pro se* action under the Court's diversity jurisdiction, alleging that Defendant breached the terms of a contract. For the following reasons, this action is transferred to the United States District Court for the Western District of Michigan.

## BACKGROUND

      The following facts are drawn from the original complaint. Plaintiff Oumar Ngeleka Tshiamala resides in France. Defendant, Dr. Steven A. Cohen, allegedly resides in New York, but the address Plaintiff provides for Cohen is "New York City, USA, 515 Eastern Avenue, Allegan, Michigan, 49010." (ECF 1 at 1.) Plaintiff and Cohen signed a contract for Plaintiff to sell 2,000 kilos of pharmaceutical grade sea cucumber to Cohen for $1.6 million. (*Id*. at 1-2.) Approximately 500 kilograms of the product were flown from Douala, Cameroon, to the Detroit Airport on or about September 25, 2020, but Cohen never paid Plaintiff for the delivery. Authorities at the Douala Airport seized the remaining 1,500 kilograms of the product, which Plaintiff had stored there, because Plaintiff was unable to pay security fees. (*Id*. at 2.) Attached to the complaint are documents in French, including what appears to be a contract, bills, and texts between Plaintiff and Cohen. (*Id*. at 3-11.)

On April 4, 2022, the Court issued an order directing Plaintiff to file an amended complaint because: (1) it did not appear that the Court had personal jurisdiction over Defendant Cohen; (2) venue did not appear to be proper in this District; and (3) a translation of the documents from French to English was required. The order explained that the Court could consider transferring the matter, depending on the information Plaintiff provided in an amended pleading (ECF 5.) On May 23, 2022, Plaintiff filed an amended complaint asserting that the cause of action arose in Cameroon and New York City. (ECF 6 ¶ III.) Plaintiff identifies Cohen as the "Elan Laboratory Director, New York City, USA, 515 Eastern Avenue, Allegan, Michigan 49010, NY 49010." (*Id.* at 12.) Plaintiff's belief that the product was shipped to New York appears to be based on a text from Cohen directing Plaintiff to send the shipment "directly here in New York I give you my address." (*Id.* at 17.) Plaintiff does not provide a New York address for Cohen, however, or other facts indicating that Cohen resides in New York or has other connections to New York. Nor does Plaintiff provide an address in New York to which the shipment was allegedly forwarded, or other facts indicating that any of the underlying events occurred in New York.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The contract between Plaintiff and Cohen lists contact information for Cohen, including email addresses, a telephone number, and a passport number. (*Id.* at 10.) Even with this information, effecting service will potentially be problematic because the address for Cohen references Michigan and New York.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's assertion that venue lies in New York seems to rest on two factors: his claim that Defendant Cohen resides in New York, and that the product was shipped to New York. The amended complaint, however, does not provide sufficient confirmation of either factor. The only information that this Court has about Cohen's residence or place of work is a Michigan address. Although Plaintiff alleges that the shipment ultimately landed in New York, he bases that solely on a text from Cohen telling Plaintiff to ship the product "directly here in New York I give you my address." (*Id.* at 17.) Plaintiff does not provide a New York address or other confirmation that the shipment went to or passed through New York. From the face of the complaint, therefore, venue is not proper in this District.[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Allegan, Michigan, which is in the United States District Court for the Western District of Michigan. 28 U.S.C. § 102. Accordingly, venue lies in the Western District of Michigan, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Michigan, 28 U.S.C. § 1406(a).

---

[2] The amended complaint also fails to suggest that the Court has personal jurisdiction over Defendant. *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. July 27, 2015) (holding that the plaintiff bears the burden of establishing personal jurisdiction over the defendant and must make a *prima facie* showing that such jurisdiction exists) (citing *Penguin Grp. (USA) Inc. v. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Michigan. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge